UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00135-RJC
(5:15-cr-00069-RJC-1)

| | |
|---|---|
| KIMBERLY MICHAELS DIPADOVA, )<br> )<br>  Petitioner, )<br> )<br>  vs. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>  Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) and Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel (Doc. No. 3).

**I.     STANDARD ON INITIAL REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that the Court examine the § 2255 motion, any attached exhibits, and the record of the prior proceedings to determine whether Petitioner may be entitled to any relief. The Court has conducted its initial review and finds that the Government should respond to Petitioner's § 2255 Motion.

**II.    IN FORMA PAUPERIS MOTION**

Petitioner has filed an application to proceed in District Court without prepaying fees or costs. (Doc. No. 2). Such an application is unnecessary in a § 2255 action, as no filing fee is

1

required. Nevertheless, Petitioner seeks approval of her application so that she may establish indigent status in the event fees are required at some later date. (Supp. Br. 2, Doc. No. 2-2).

Petitioner is seeking a form of prospective relief – a declaration of future indigency – based upon her current financial status. Granting such relief at a stage when the issue of indigency is moot would be inappropriate. Accordingly, the Court shall deny Petitioner's Motion to Proceed In Forma Pauperis.

### III. MOTION FOR DISCOVERY, EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL

Petitioner has moved for leave to conduct discovery, appointment of counsel, and an evidentiary hearing. (Doc. No. 3). These requests are governed by § 2255 and the Rules Governing § 2255 Proceedings.

Discovery may be authorized in a § 2255 case only upon leave of the court, and after a showing of "good cause" by the petitioner. Rule 6(a), foll. 28 U.S.C. § 2255. A party requesting discovery must provide reasons for the request. Id. at Rule 6(b). Good cause for discovery is found " 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). A petitioner must be able to point to specific factual allegations when making his request; the discovery requests may not be so broad and baseless as to constitute a "fishing expedition." United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990).

Petitioner seeks discovery so that she "may further substantiate her claims for relief under Section 2255." (Disc. Mot. 1, Doc. No. 3). This is the type of broad request that fails to constitute "good cause" for discovery in a § 2255 action. See Rule 6; Bracy, 520 U.S. at 908-

909; Wilson, 901 F.2d at 381. Petitioner has not pointed to any specific factual allegations in her Motion to Vacate to justify her request for discovery. Nor has she identified the discovery she seeks. Her motion for discovery shall be denied without prejudice.

Under 28 U.S.C. § 2255(b), an evidentiary hearing is authorized unless the motion to vacate and the files and records of the case conclusively show that the petitioner is not entitled to relief. The Government has not had the opportunity to respond to the issues raised in Petitioner's Motion to Vacate. Therefore, the Court shall deny the motion for an evidentiary hearing without prejudice, as premature.

Finally, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings, which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Additionally, the district court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). This Court finds Petitioner has not shown that appointment of counsel is appropriate at this stage of the proceedings. The Court shall deny Petitioner's motion to appoint counsel without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Government shall file an answer, motion or other response to Petitioner's § 2255 Motion within forty-five (45) days from entry of this Order;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED** as moot; and

3. Petitioner's Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel (Doc. No. 3) is **DENIED without prejudice**.

**SO ORDERED.**

Signed: August 29, 2018

Robert J. Conrad, Jr.
United States District Judge