RECEIVED
Charlotte, NC
FEB 13 2019
Clerk, US District Court
Western District NC

FILED
FEB -8 PM 3: 15
MECKLENBURG CO., C.S.C.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 5:18CV135-RJC
(5:15CR69-RLV)

KIMBERLY MICHAELS DIPADOVA,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

---

**PETITONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO HER
MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT AND SENTENCE
UNDER 28 U.S.C. § 2255; and REQUEST FOR EVIDENTIARY HEARING**

COMES NOW the Petitioner, Kimberly Dipadova, pro se, and files her Reply to the Government's Response to her 2255 Motion; as follows:[1]

Petitioner timely filed her motion under 28 U.S.C. §2255 to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255, effectively demonstrating that her due process rights were violated because the Court failed to consider all of the sentencing factors under 18 U.S.C. § 3553(a) when sentencing her; the United States committed prosecutorial misconduct by failing to move for a downward departure; and she received ineffective assistance of counsel, in violation

---

[1] This Court is humbly urged to construe her pro se pleadings more leniently than other motions. See, Castro v. United States, 540 U.S. 375, 381-83 (2003). A document filed pro se is to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

of her sixth amendment right to effective assistance of counsel. In its response, based on the facts in Ms. Dipadova's case, the government presents a frivolous argument as to why this Court should somehow dismiss or deny Petitioner's motion. For example:

## ARGUMENT

**I.   The Government's argument that this Court should dismiss Dipadova's 2255 issues because she waived her claims by pleading guilty is frivolous because a generic appeal waiver doesn't preclude claims of ineffective assistance of counsel.**

Respectfully, because the thrust of the government argument is spent on arguing that this Court should dismiss Dipadova's 2255 issues because she waived her claims by pleading guilty, Petitioner will spend this section of her Reply showing that a generic appeal waiver, contrary to the government's contention, does not preclude a claim of ineffective assistance of counsel.

**A.   A Generic Appeal Waiver Doesn't Preclude Claim of Ineffective Assistance of Counsel at Sentencing.[2]**

Respectfully, the thrust of the Government's Response to Ms. Dipadova's claim under ineffective assistance of counsel is patently frivolous. First, the Government mistakenly argues that because "She waived her due process, sentencing, and pre-plea claims of ineffective assistance by pleading guilty," that she is somehow precluded from raising her ineffective assistance claims in her now-pending § 2255 Motion. See, Govt Response at page 1. For instance:

Contrary to the government's reasoning, suppose a criminal defendant agrees to plead guilty and to waive the right to take an appeal or seek collateral review after being sentenced. Can the defendant nonetheless assert a claim of ineffective assistance at sentencing? A

---

[2]   A sister Circuit to the Fourth Circuit addressed this exact argument, thus finding that the Petitioner's waiver did not preclude them from challenging their claims under ineffective assistance of counsel. See, In re Sealed Case, _ F.3d _ (D.C. Circuit, No. 16-3005 (Aug. 17, 2018).

2

unanimous panel decision (Judges Srinivasan, Wilkins & Sentelle) held that such a claim may be raised—at least where the defendant executed a "generic" waiver that didn't preclude a later-asserted claim of ineffectiveness. Indeed, this same reasoning applies to Ms. Dipadova with equal force. See, *In re Sealed Case*, _ F.3d _ (D.C. Circuit, No. 16-3005 (Aug. 17, 2018).

**B.    The Court's finding in In re Sealed Case apply with equal force to Ms. Dipadova position that her generic appeal waiver does not preclude her from challenging her ineffective counsel claims in her 2255 Motion. In re Sealed Case _ F.3d _ (D.C. Circuit, No. 16-3005 (Aug. 17, 2018)**

The appellant (*In re Sealed Case*) pleaded guilty under such a generic plea agreement to one count of conspiracy to distribute five kilograms or more of cocaine on board an aircraft registered in the United States and one count of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. Unhappy with the sentence, Appellant claimed on direct appeal that his counsel below had failed to push for a minor role adjustment in the Sentencing Guidelines calculations and had rendered ineffective assistance. Like the Government in Ms. Dipadova's case, the Government was unsympathetic and urged that the waiver of appellate rights in the plea agreement precluded any assertion of ineffective assistance. (Slip Op. at 2-4). The Court of Appeals looked first to *United States v. Guillen*, 561 F.3d 527, 529-30 (D.C. Cir. 2009), which upheld the validity of so-called "anticipatory waivers," under which a defendant can validly waive her right to appeal a sentence that has not yet been imposed, as long as her decision is "knowing, intelligent, and voluntary." (Slip Op. at 4). "As a general matter," the Court of Appeals pointed out, "'an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver.'" (Slip Op. at 4-5) (quoting *United States v. Adams*, 780 F.3d 1182, 1184 -85

3

(D.C. Cir. 2015) (quoting *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (*en banc*))).

Applying those principles, Judge Srinivasan wrote, the Circuit has held that an appeal waiver barred a defendant from appealing her sentence on the grounds that the district court: imposed a substantively unreasonable sentence, erroneously declined to permit the defendant to introduce certain evidence at sentencing or in limiting cross-examination of the government's sentencing witnesses, or abused its discretion in denying a downward variance from the sentencing guidelines range. (Slip Op. at 5) (citing *Adams*, 780 F.3d at 1184-85, and *United States v. Ortega-Hernandez*, 804 F.3d 447, 451 (D.C. Cir. 2015)).

As Ms. Dipadova points out, this result is not always what happens—a waiver would not foreclose appeals based on claims that sentencing judge acted on the basis of invidiously discriminatory motives. Nor would a waiver bar an appeal if the waiver "'only arguably or ambiguously forecloses his claims.'" (Slip Op. at 6) (quoting *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016)). As the Court explained: "The upshot of our decisions is that a general appeal waiver will be understood to preclude appealing a sentence on a host of grounds. But a generic waiver of appeal rights will not bar every appeal concerning a defendant's sentence. The central question in that regard is whether the defendant is "aware of and understands the risks involved in his decision," *Guillen*, 561 F. 3d at 529, with any ambiguity about the scope of his waiver construed in his favor, *Hunt*, 843 3d. at 1027. (Slip Op. at 6) (emphasis added). Here, Ms. Dipadova asserts that she was <u>not</u> aware of the scope of her waiver – as the government appears to contend.

"The question, then, is whether the generic language of the appeal waiver, standing alone, gave appellant the requisite awareness and understanding of 'the risks involved,' *Guillen*, 561

4

F.3d at 529—i.e., that if he were to receive constitutionally ineffective assistance of counsel at sentencing, he would be unable to appeal or seek collateral review on that ground. (*Id.* at 7).

The Government, as one might expect, argued that the waiver sufficed to bar any appeal. Looking to *Martinez v. Ryan*, 566 U.S. 1, 12 (2012) and *United States v. Taylor*, 139 F.3d 924, 931 (D.C. Cir. 1998), the panel rejected the prosecution's claims. The court emphasized that "our general duty to construe ambiguities in an appeal waiver in the defendant's favor is especially salient in the context of claims alleging ineffective assistance of counsel. Because '[t]he right to the effective assistance of counsel at trial is a bedrock principle in our justice system,' a person's "inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel.'" Slip Op. at 7). And "[t]hat understanding about 'the effective assistance of counsel at trial' is equally true about ineffective assistance at sentencing." (*Id*).

The question thus having been posed, the panel wrote that "we cannot conclude that a defendant who executes a generic appeal waiver "is aware of and understands the risk[]" that, by doing so, she waives any ability to appeal if her counsel later provides constitutionally ineffective assistance at sentencing." (Slip Op. at 8) (citing *Guillen*, 561 F.3d at 529). Three reasons drove this decision.

First, "a defendant's right to counsel's assistance at sentencing necessarily means the right to effective counsel. After all, ineffective counsel is no counsel at all, as far as the Sixth Amendment is concerned." (Slip Op. at 9) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). As noted in Ms. Dipadova's § 2255 Motion, she presented meritorious claims involving ineffective assistance of counsel – any of which entitle her to immediate relief.

5

Second, "a defendant can practically vindicate the right to the effective assistance of counsel at sentencing only through an appeal or collateral proceeding." On the other hand, "[c]ounsel cannot be expected to raise such an ineffective-assistance claim in the sentencing court itself: an attorney, to say the least, will be 'unlikely to raise an ineffective-assistance claim against himself.'" (Slip Op. at 9) (quoting *Massaro v. United States*, 538 U.S. 500, 502-03 (2003)).

Third, "the defendant herself [is not] well positioned to identify her counsel's deficient performance and bring it to the sentencing court's attention. We have recognized that counsel fulfills an essential function at sentencing by navigating the sentencing guidelines and presenting the various considerations that may drive the court's sentencing determination." (Slip Op. at 9) (citing *United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997)).

Pointing out that "the ability to bring an ineffective-assistance claim on collateral review or on appeal (with the possibility of a remand for factual development) is essential to vindicating a defendant's right to counsel at sentencing," the Court of Appeals observed that "[i]t follows that a waiver of the right to appeal and collateral review, if construed to encompassing ineffective-assistance-of-counsel claims, acts essentially as a waiver of the right to counsel at sentencing." (Slip Op. at 10). "In short," as Judge Srinivasan wrote, "construing a generic appeal waiver to extend to ineffective-assistance-of-counsel claims would be inconsistent with our understanding that a defendant must be 'aware of and understand the risks involved in his decision.'" (Slip Op. at 11) (quoting *Guillen*, 561 F.3d at 529). Indeed, he perhaps wryly commented, "[a] contrary conclusion would mean that the defendant retained her right to counsel at sentencing while nonetheless giving up her ability to preserve that right. We do not

6

believe that a generic appeal waiver brings about that result, much less that it unambiguously does so." (Slip Op. at 11) (citing *Hunt*, 843 F.3d at 1027).[3]

Notably, the Court of Appeals took pains to state that three other courts of appeals have reached contrary conclusions and one appears to have reached a result similar to that of the D.C. Circuit. However, the panel emphasized that the Department of Justice has issued an internal directive under which it will "'no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal.'" (Slip Op. at 12) (citation omitted)

Like the government contends in its Response to Ms. Dipadova's § 2255 Motion, the here Government refused to let it go, arguing that defense counsel was not ineffective; allegedly counsel had urged a minor role and in any event the evidence (in the Government's eyes) didn't match up anyway, such that the defendant would not have attained a minor role. The Court of Appeals disagreed, finding that defense counsel's position had been advanced a year before sentencing and that there was a possibility that appellant would have received a lower sentence, which was deemed sufficient evidence of prejudice to warrant a remand. (Slip Op. at 14-15) (citing *United States v. Rashad*, 331 F.3d 908, 911-12 (D.C. Cir. 2003))

In sum, Contrary to the government's argument, federal courts across this Country have ruled that a Generic Appeal Waiver Doesn't Preclude Claim of Ineffective Assistance of Counsel

---

[3] Ms. Dipadova declares that the government's construing a generic appeal waiver to extend to ineffective-assistance-of-counsel claims would be inconsistent with other Courts understanding that a defendant must be 'aware of and understand the risks involved in his decision. As such, the government's response to her § 2255 cannot stand.

7

at Sentencing. Based on the facts and the law, the government's argument that Ms. Dipadova is precluded from raising her issues via § 2255 cannot stand.[4]

DATE: /1/10/2019

Respectfully submitted,

_____
KIMBERLY MICHAELS DIPADOVA, Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this date, ___/___/2019, I mailed the foregoing by U.S. Mail to the following:

Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202

DATE: /1/10/2018

Respectfully submitted,

_____
KIMBERLY MICHAELS DIPADOVA, Pro se

---

[4] For purposes of brevity, Petitioner stands on the merits each and every issue presented in her § 2255 Motion.